SAVOY, Judge.
This suit was instituted by plaintiff as the beneficiary of a life insurance policy issued by defendant upon the life of her minor daughter. The policy is dated May 1, 1966, and the minor died on November 6, 1966. After a trial in the district court judgment was rendered in favor of plaintiff and against defendant for the face amount of the policy plus penalties under the provisions of LSA-R.S. 22:656. Defendant has appealed.
The sole defense to the suit is that the minor was not in sound health at the time of the issuance of the policy, and, therefore, plaintiff cannot recover under the terms of said policy.
The policy provision in question in the instant case reads as follows:
“PRELIMINARY PROVISIONS. This Policy shall not take effect if the Insured die before the date hereof, or if on such date at the time of delivery of the Policy the Insured be not in sound health, but in either event the premiums paid hereon, if any, shall be returned.”
The record reveals that the infant daughter was mentally retarded at birth. The medical evidence consists of the medical records of the Huey P. Long Hospital at Pineville, Louisiana, where the child had gone for treatment on several occasions, and the testimony of Dr. Lloyd Credeur, a general practitioner and surgeon. Dr. Credeur testified on behalf of defendant. He had never seen the infant child during her lifetime, and his testimony was given from hypothetical questions asked him and by his. examination of the hospital records in evidence.
The trial judge found the opinion of the doctor inconclusive as to whether the infant child was in sound health at the time of the issuance of the policy. With this finding we are in agreement.
Dr. Credeur was of the opinion that the infant suffered from mental retardation which probably developed shortly after birth. He stated the hospital records indicated rigid or spastic tremors occurred in July of 1966. It was his opinion that this condition should have manifested itself within two or three months after birth. The infant was born October 26, 1965. The doctor did not specifically give an opinion that cerebral palsy existed on the date of the issuance of the policy in this case. He also stated that persons mentally retarded sometimes have a normal life span.
Shortly prior to the child’s death, she developed fever which reached 106°. This was accompanied by diarrhea. The doctor stated the fever could cause brain injury and even cardiac arrest, which was given as the immediate cause of death. This was confirmed by an autopsy performed after the child’s death.
We are of the opinion that defendant did not sustain the burden of proof showing *727 that decedent was not in sound health on the date of the issuance of the policy in this case.
Defendant has not complained of the penalty award of 6% interest per annum from date of receipt of proof of death by the insurer until paid as provided by LSA-R.S. 22:656 either in brief or oral argument. We presume that it is not contesting this portion of the award.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.